

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

EAG:MKM
F.#2011R00858

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

February 23, 2012

<u>By ECF and Messenger</u>

Michael K. Schneider, Esq.
Federal Defenders of New York, Inc.
One Pierrepont Plaza, 16th Floor
Brooklyn, New York 11201

       Re:  United States v. Teresa Yuan
            <u>Criminal Docket No. 11-0858 (WFK)</u>

Dear Mr. Schneider:

      Pursuant to your request and Rule 16 of the Federal Rules of Criminal Procedure, the government hereby furnishes discovery with respect to the above-referenced matter.  Please also consider this letter to be the government's request for reciprocal discovery.

**I.**    **The Government's Disclosures**

    **A.**    **Statements of the Defendant**

      The defendant was interviewed at her home on July 25, 2011.  A redacted report of the interview appears at TY000001.

      The defendant was arrested on August 4, 2011.  Following her arrest, she was transported for processing to the New York Office of the FBI.  At approximately 10:15 a.m., the defendant was advised of her <u>Miranda</u> rights.  The defendant was given a chance to read a written version of her rights and, after doing so, stated that she understood her rights.  The defendant first telephonically contacted her father, Shiawtien Yuan, for advice, and initially requested legal representation before answering any questions.  The FBI agents present advised the defendant that they would ask no further questions.  The defendant then began providing information spontaneously.  The FBI agents reminded the defendant that they could not discuss

this information as she had requested legal representation.  At that time, the defendant stated that she would not require legal representation for the interview, and signed the waiver portion of the "Advice of Rights" form.  Thereafter the defendant provided oral and written statements.  The signed "Advice of Rights" form appears at TY000002.  The defendant's written statement appears at TY000003.  A redacted report of the interview of the defendant appears at TY000004-6.

Additional statements made by the defendant are reflected in the United States Marshals Service prison intake form, which appears at TY000007-13.

### B. Prior Criminal History

It is the government's current understanding that the defendant does not have a prior criminal record.

### C. Documents and Objects

The defendant sent communications directed at the victims via electronic mail.  The government is in the process of transferring this data onto the hard drive that you provided on February 16, 2012.  The hard drive will be forwarded to you as soon as this process is complete.  In the mean time, please find several of the email communications from the defendant at TY000014-59.  In addition, a CD containing some of the videos sent by the defendant is marked as Government Exhibit Discovery-1 and is enclosed here.

Please contact me if you wish to arrange a time to inspect, copy and/or photograph the evidence and original documents discoverable under Rule 16.

### D. Reports of Examinations and Tests

The government will provide you with copies of reports of any examinations or tests conducted in connection with this case as they come available.

### E. Expert Witnesses

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) by notifying you in a timely fashion of any expert the government intends to call at trial and by providing you with the expert's credentials and a summary of the expert's opinion.

3

**F.    Brady Materials**

The government is not aware of any exculpatory material regarding the defendant.  The government understands and will comply with its continuing obligation to produce exculpatory material as defined by <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials.  <u>See</u> <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

**II.   The Defendant's Required Disclosures**

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure.  The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, photographs, tapes, tangible objects, or copies or portions thereof, which are in the defendant's possession, custody or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results of reports or physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, which are in the defendant's possession, custody, or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial or which were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify.  <u>See</u> Fed. R. Crim. P. 26.2.  In order to avoid any unnecessary delay, we request that you have copies of these statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony the defendant intends to use under Rules 702, 703, and 705 of the Federal Rules of Evidence.  The summary should describe the opinions of the witnesses, the bases and reasons for those opinions, and the witnesses' qualifications.

4

      If you have any questions or further requests, please do not hesitate to contact me.

                              Very truly yours,

                              LORETTA E. LYNCH
                              United States Attorney

                     By:       /s/
                              M. Kristin Mace
                              Assistant United States Attorney
                              (718) 254-6879

Enclosures

cc:  Clerk of Court (WFK) (via ECF w/o enclosures)

Case 1:11-cr-00858-WFK   Document 22   Filed 02/23/12   Page 4 of 4 PageID #: 49